# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

1. RHONDA F. TADLOCK, )
   )
   Plaintiff, )
   )
v. )   No. CIV-13-
   )
1. INTEGRIS HMA, LLC, d/b/a/ )
   INTEGRIS MARSHALL )
   COUNTY MEDICAL CENTER, )   JURY TRIAL DEMANDED
   )   ATTORNEY LIEN CLAIMED
2. MARSHALL COUNTY HMA, )
   LLC, d/b/a INTEGRIS )
   MARSHALL COUNTY )
   MEDICAL CENTER, )
   )
   Defendants. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges that:

## PARTIES

1. The Plaintiff is Rhonda F. Tadlock, an adult resident of Marshall County, Oklahoma.

2. The Defendants are:

   a. Integris HMA, LLC, Integris Marshall County Medical Center, a domestic limited liability company doing business in Marshall County, Oklahoma.

   b. Marshall County HMA, LLC d/b/a Integris Marshall County Medical Center, a domestic limited liability company doing business in Marshall County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's cause of action is for disability discrimination and retaliation in violation of the Americans with Disabilities Act (hereinafter, "ADA"); retaliation for requesting medical leave and interference with her ability to take leave in violation of the Family Medical Leave Act (hereinafter, "FMLA"); and retaliation for suffering a workers' compensation injury and for exercising her rights under the Workers'

1

Compensation Act, 85 O.S. §§ 1, 341, *inter alia*. Plaintiff also asserts a claim for wrongful termination while Plaintiff was on Temporary Total Disability (TTD), in violation of the Workers' Compensation Act. Because the state law claims arise out of the same core of facts as give rise to the federal claims, jurisdiction over the state law claim is vested by 28 U.S.C. § 1367.

4. Under 42 U.S.C. § 12117(a) the venue provisions of Title VII, 42 U.S.C. § 2000e-5(f)(3), are incorporated and any judicial district in Oklahoma has venue over this action. The federal court in the Western District of Oklahoma is the closest district to the parties and Plaintiff elects the Western District of Oklahoma as her choice of forum.

## STATEMENT OF FACTS

5. Plaintiff was an employee of Defendants from May 2007 until her termination on or about May 11, 2012, working as a 'dietary manager.'

6. Plaintiff had worked more than one (1) year for the Defendants at the time of her termination and had worked more than 1250 hours during the twelve (12) months prior to termination. Plaintiff had not used twelve (12) weeks of leave during the prior twelve (12) months. Therefore, Plaintiff was an eligible employee under the FMLA.

7. The Defendants employed fifty (50) or more employees within seventy-five (75) road miles of the facility where the Plaintiff worked during at least twenty (20) weeks during the calendar years before, during, and after Plaintiff's termination. Therefore, Defendants are covered employers under the FMLA.

8. On or around January 2012, Plaintiff was asked to temporarily cover a vacant position of cook/dishwasher, which had materially different physical responsibilities than her job and which duties were not part of her regular job. Plaintiff's job as a 'dietary manager' was a clerical, sedentary position which she could continue without

accommodation.

9. On or around February 2012, Plaintiff suffered an on-the-job injury while performing the temporary job duties. The injury was to her neck and included a herniated disk. Plaintiff is substantially impaired in, among other things, her ability to lift and stand and suffers substantial pain from such actions. As a result, Plaintiff is substantially impaired in the major life activities of standing and lifting and in the body function of the operation of her spinal system and neurological system making her a disabled person within the meaning of the ADA.

10. Defendants were on notice of Plaintiff's injury as it occurred at work, during working hours, and Plaintiff was transported within Defendants' facility by wheel chair to Defendants' emergency room where she received x-rays.

11. Notwithstanding her injuries, Plaintiff returned to work, however she continued to suffer pain resulting from her on-the-job injury when engaging in standing and lifting. Standing and lifting were not part of her job duties as a 'dietary manager' and she could perform her regular job without accommodation. Plaintiff's impairments only impacted the ability to perform the temporary additional duties associated with assisting as a cook/dishwasher.

12. On or around April 27, 2012, Plaintiff made a request for a reasonable accommodation. Plaintiff informed Holly Bain (Director of Nursing) that due to the limitations from her on-the-job injury Plaintiff should not perform the activities associated with the cook/dishwasher position but that she could perform the functions of her position as a 'dietary manger.' Plaintiff requested the accommodation of eliminating the extra functions or reassigning them to another employee and other employees were available to perform those functions. Plaintiff requested to be allowed to continue her functions as a 'dietary manager.' Her manager gave no response to this request. The making of such requested accommodation together with

each requested accommodation set out hereafter was a protected activity under the ADA.

13. On or around April 30, 2012, Plaintiff, during a monthly manager meeting, again requested the reasonable accommodation of the extraneous duties for the temporarily vacant cook/dishwasher position be reassigned and that she be allowed to perform her duties as 'dietary manager.' Plaintiff stated that should this accommodation not be provided, Plaintiff would need to seek other employment.

14. On or around May 1, 2012, Plaintiff retained a worker's compensation attorney to represent her on her injury.

15. On or around May 9, 2012, Plaintiff's physician placed Plaintiff on Temporary Total Disability (TTD) and took the Plaintiff off work.

16. On or around May 9, 2012, Plaintiff provided notice of being placed on TTD to her employer. Plaintiff delivered her TTD paperwork to the office of Holly Bain (Director of Nursing). Ms. Bain was not in her office so Plaintiff slipped the TTD paperwork under Ms. Bain's door and advised Afreda Hill (RN Case Manager) that the TTD form had been placed under Ms. Bain's door. Plaintiff also informed Sharon Beavers (Human Resources) that she had been placed on TTD and that the TTD paperwork had been placed in Ms. Bain's office. This notice was sufficient to advise Defendants that Plaintiff had a serious medical condition under the FMLA and was entitled to the protections of the FMLA.

17. On or around May 9, 2012, Plaintiff made a third request for reasonable accommodation in the form of a request for leave (the TTD notice) for the purpose of receiving medical treatment and recovery.

18. On or around May 11, 2012, Plaintiff requested FMLA paperwork from her employer, but such FMLA paperwork was never provided to Plaintiff.

19. On May 12, 2012, while Plaintiff was on Worker's Compensation TTD, Plaintiff

received a back-dated notice that Plaintiff had resigned her position with the Defendants and that she would not be allowed to work her last two weeks due to poor work attendance and job performance. Such reasons were false and were a pretext for unlawful discrimination.

20. The real reasons for Plaintiff's termination were Plaintiff filing of a worker's compensation claim; retaliation for Plaintiff requesting reasonable accommodations; and Plaintiff's need and request for leave under the worker's compensation act, under the ADA and under the FMLA.

21. As the direct result of Plaintiff's termination she has been deprived of income, past, present and future and has suffered dignitary harms for which she is entitled to compensation.

## COUNT ONE

Plaintiff incorporates all prior allegations and further alleges as follows:

22. Under the ADAAA, Plaintiff was discriminated against and terminated as a result of her disability by the failure to engage in the interactive process, by the failure to offer a reasonable accommodation and by terminating her employment.

23. Plaintiff was retaliated against for seeking accommodations in the form of the removal of extraneous and non-essential functions and time off for medical treatment and recovery.

24. Such discrimination and retaliation is in violation of the ADA.

25. As the direct result of such termination, Plaintiff has suffered and continues to suffer the actual damages described above.

26. The decision to terminate Plaintiff was a willful, intentional and malicious violation of the laws precluding disability discrimination entitling the Plaintiff to an award of punitive damages in addition to actual damages.

27. Plaintiff timely filed a charge of discrimination with the EEOC on or about February

2013, which is within three-hundred (300) days of her termination. The EEOC issued a right to sue letter on or about June 5, 2013, which was received thereafter. This action is timely filed within ninety (90) days of the issuance of the right to sue letter. By these actions Plaintiff exhausted all required administrative actions.

## COUNT TWO

Plaintiff incorporates all prior allegations and further alleges as follows:

28. A significant factor in the decision to terminate the Plaintiff was interference with Plaintiff's entitlement to take FMLA leave and retaliation for seeking to take such leave.

29. As the direct result of Defendants' actions in terminating the Plaintiff, Plaintiff suffered the loss of benefits during her leave period.

30. Because the actions of the Defendants were in willful violation of the FMLA, Plaintiff is entitled to prejudgment interest and liquidated damages.

## COUNT THREE

Plaintiff incorporates all prior allegations and further alleges as follows:

31. A significant factor in the decision to terminate the Plaintiff was retaliation for Plaintiff exercising her rights under the Workers' Compensation Act and/or in order to avoid payment to Plaintiff of TTD benefits.

32. Additionally the termination of Plaintiff while she was on TTD is a per se violation of Plaintiff's worker's compensation rights.

33. As the direct result of Defendants' wrongful actions in retaliating against the Plaintiff for filing a worker's compensation claim and while Plaintiff was on TTD, Plaintiff has suffered injuries in the form expected future lost income and the present loss of benefits along with the dignitary harms listed above.

34. Because the actions of the Defendants were either a willful, intentional or, at the least, reckless violation of the protections afforded by the Worker's Compensation Act,

6

Plaintiff is entitled to an award of punitive damage in the amounts provided by law.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that she be awarded her actual, liquidated and punitive damages herein together with costs, pre- and post-judgment interest and any other equitable relief not limited to reinstatement as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 21ST DAY OF JUNE, 2013.**

s/Matthew A. Dunham
Matthew A. Dunham, OBA No. 31042
Mark Hammons, Sr., OBA No. 3784
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee
Oklahoma City, OK 73102
Phone: (405) 235-6100
Fax: (405) 235-6111
Email: matthew@hammonslaw.com
          mark@hammonslaw.com

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED